# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Marion Berrioz, <br>     Petitioner, <br><br> v. <br><br> Harold Clarke, <br>     Respondent. | ) <br> ) <br> ) <br> )     1:12cv220 (LMB/IDD) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

Marion Berrioz, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of statutory burglary, abduction, rape, and sexual penetration with an animate object in the Circuit Court of Fairfax County, Virginia. For the reasons set forth below, respondent's Motion to Dismiss will be granted, and petitioner's Motion to Set Aside Judgment/Verdict and motions for appointment of counsel will be denied as moot.

## I. Background

Petitioner was convicted on April 3, 2008 in the Circuit Court for the County of Fairfax, Virginia and was sentenced on June 6, 2008. On December 19, 2011, petitioner filed a habeas petition in the Supreme Court of Virginia, which the Supreme Court dismissed as untimely on January 12, 2012. Br. Supp. Ex. G, ECF No. 1-9. Petitioner filed the instant petition on February 16, 2012.[1]

By Order dated March 2, 2012, petitioner was instructed to contest the application of the one-year statute of limitations or establish equitable tolling, and to show cause why his petition should not be barred for procedural default. Petitioner responded on March 30, 2012. By Order

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In his petition, petitioner avers that he placed his petition in the prison mailing system on February 16, 2012. The Court received the petition on February 29, 2012.

dated April 30, 2012, respondent was instructed to respond to the petition. On June 18, 2012, respondent filed a Rule 5 Answer and a Motion to Dismiss with a supporting memorandum. On the same date, respondent also provided petitioner with the notice required by E.D. Va. Local Civ. R. 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). By Order dated April 20, 2012, petitioner was instructed that he would have twenty-one days from the date of respondent's filing to file any additional pleadings. Petitioner did not respond within that time. By Order dated September 12, 2012, petitioner was instructed to show cause why the petition should not be summarily dismissed for his failure to contest the facts and issues stated by respondent in support of the Motion to Dismiss. On September 26, 2012, petitioner filed a Motion to Set Aside Judgment/Verdict and a motion for appointment of counsel.

## II. Standard of Review

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D). In calculating the one-year period, however, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Petitions are untimely under § 2244(d) unless petitioners can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

2

## III. Analysis

A. <u>Petitioner's federal habeas petition is untimely</u>

The applicable statute of limitations, 28 U.S.C. § 2244(d), bars the claims presented. Petitioner was convicted on April 3, 2008 in the Circuit Court for the County of Fairfax, Virginia. Br. Supp. at 1, ECF No. 1. On June 6, 2008, petitioner was sentenced to 110 years in prison. Petitioner did not appeal his conviction. Therefore, petitioner's conviction became final on July 10, 2008, the last date he could have noticed an appeal in the Virginia Court of Appeals.

Petitioner did not commence his first post-conviction proceeding until December 19, 2011, when he filed a petition for writ of habeas corpus in the Supreme Court of Virginia. By then, approximately three and one half years had passed since petitioner's conviction became final. Therefore, the federal statute of limitations had expired and the pendency of the state habeas proceeding could not toll the limitations period. See <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); <u>Rashid v. Khulmann</u>, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Accordingly, this petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a <u>sua sponte</u> dismissal under § 2244(d)).

B. Petitioner is not entitled to equitable tolling

Petitioner has failed to show that the one-year statute of limitations should be equitably tolled. The Supreme Court has held that equitable tolling is available in federal habeas only when a petitioner can show that he pursued his rights diligently or that some extraordinary circumstance prevented petitioner from timely filing his habeas petition. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Furthermore, it is settled that a petitioner's lack of diligence in pursuing his federal remedy negates the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). Here, petitioner did not diligently pursue his rights, and there exists no extraordinary circumstance to warrant relief.

Petitioner initially expressed a desire to appeal his conviction but subsequently was less clear about his intentions. Petitioner's trial counsel informed the court at sentencing that "[m]y client has indicated to me that he does wish to appeal this case which doesn't surprise me." Sentencing Tr. 12, June 8, 2008. After the court permitted trial counsel to withdraw from the case, the court stated, "[b]y the end of today we will appoint someone to represent Mr. Berrioz to pursue his appeals." Id. at 13. In a sworn affidavit submitted in this proceeding, petitioner's trial counsel states that, even though he had stopped representing petitioner, he visited him after the sentencing to discuss his appeal rights, including the time limits involved. Mot. Dismiss ¶ 5, ECF No. 12; Mot. Dismiss Ex. 2 at 3, ECF No. 12-2. Counsel states in his affidavit that he "asked at that time if he [petitioner] wanted to appeal and he stated that he wanted to think about it." Id.

Petitioner took no further action until August, 2009, more than a year after he was sentenced, when he wrote the Circuit Court of Fairfax County asking the court to reconsider his sentence. Mot. Dismiss ¶ 6, ECF No. 12; Mot. Dismiss Ex. 4, ECF No. 12-4. At that time, petitioner did not request permission to appeal his conviction or suggest that the trial court had

4

erred in failing to appoint appellate counsel. Id. The trial court denied his motion to reconsider on August 17, 2009. Id. Ex. 5, ECF No. 1-5. Petitioner then wrote to the Virginia State Bar on September 14, 2009 to ask for the name of his trial attorney. See Br. Supp. Exs. B at 1, ECF No. 1-4. The Bar responded in a letter on September 25, 2009 and suggested that petitioner contact the Fairfax County Circuit Court. Id. Petitioner waited an additional three months, until December 27, 2009, to write to the Fairfax County Circuit Court to request the name of his trial attorney "because I'm trying to get my trial transcripts." Id. at 2. The court responded on January 14, 2010 with the name and address of petitioner's trial counsel and information for requesting copies of his trial transcripts. Id. Ex. C at 1, ECF No. 1-5. Trial counsel then sent petitioner a letter on February 1, 2010 reminding petitioner that they had met after he was sentenced, that they had discussed his options, that petitioner had opted not to make any decisions regarding an appeal at that time, and that petitioner could contact trial counsel if he had any questions. Mot. Dismiss ¶ 9, ECF No. 12; Mot. Dismiss Ex. 9, ECF No. 12-9.

Petitioner did not request post-conviction relief from the Virginia Supreme Court until three months later, on May 17, 2010, when he requested an extension of time in which to file a state habeas petition. Mot. Dismiss Ex. 11, ECF No. 12-11. By Order dated June 2, 2010, the Virginia Supreme Court denied his request. Id. Ex. 15, ECF No. 12-15. On July 4, 2010, petitioner wrote to the Fairfax County Circuit Court "to find out who was appointed to represent me further" and stating that he "was not afforded my right to appeal." Id. Ex. 18, ECF No. 12-18. The Circuit Court appointed appellate counsel on July 21, 2010. Br. Supp. Ex. D at 1, ECF No. 1-6. After realizing that she could not pursue an appeal for petitioner, appellate counsel wrote to the Circuit Court on October 16, 2010 to request to represent petitioner on a habeas petition instead. Id. at 3. After informing petitioner and looking into filing a habeas petition on his behalf, appellate counsel wrote another letter to the Circuit Court on March 11, 2011 stating

that because the two-year statute of limitations to file a state habeas petition had run on June 10, 2010, she could not represent petitioner. Id. Ex. E at 4, ECF No. 1-7. Appellate counsel informed petitioner by letter on the same date. Id. at 5. Nine months later, on December 19, 2011, petitioner filed a pro se habeas petition in the Supreme Court of Virginia, which the Supreme Court dismissed as untimely on January 12, 2012. Br. Supp. Ex. G, ECF No. 1-9.

Despite petitioner's correspondence with the Virginia State Bar and the Fairfax County Circuit Court, Petitioner waited several months to assert his desire to appeal and request appellate counsel. Because petitioner's federal habeas petition was filed more than three years beyond the statute of limitations and petitioner did not diligently pursue his rights, he is not entitled to equitable tolling. Therefore, respondent's motion to dismiss will be granted, which renders petitioner's motion to set aside the judgment (Docket #22) and motions for appointment of counsel (Docket #23 & 24) moot.

## V. Conclusion

For the above stated reasons, the respondent's Motion to Dismiss will be grated and the petitioner's motions for appointment of counsel and to set aside judgment/verdict will be denied by an Order to be issued with this Opinion.

Entered this 23rd day of October 2012.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia